**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GERSON NUNEZ, : | |
| : | |
| Petitioner, : | |
| : | CIVIL NO. 3:CV-06-1413 |
| : | |
| v. : | (JUDGE VANASKIE) |
| : | |
| CAMERON LINDSAY, : | |
| : | |
| Respondent. : | |

**M E M O R A N D U M**

**I.   Introduction.**

Petitioner Gerson Nunez, an inmate at the Canaan United States Penitentiary Federal Prison Camp ("FPC-Canaan"), in Waymart, Pennsylvania, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking an immediate transfer to a Residential Re-Entry Center ("RRC")[1] located in Bronx, New York, or similar facility, for the remainder of his

---

[1] The Bureau of Prisons ("BOP") formerly referred to these centers as Community Correctional Centers ("CCC").

sentence.[2]  (Dkt. Entry 1, Petition.)  Nunez avers that, pursuant to 18 U.S.C. § 3621(b),[3] the BOP may transfer him to a RRC at anytime during his incarceration.  Nunez wants the BOP to place him in a RRC prior to the last ten percent of his sentence as an exercise of its discretion under 18 U.S.C. § 3621(b).  Petitioner expressly disavows making this request pursuant to 18 U.S.C. § 3624(c),[4] which mandates BOP consideration of placing an inmate in pre-release custody near the end of his sentence.  (Exhibit D to Habeas Petition, Request for Administrative

---

[2] Petitioner has also filed a motion to expedite consideration of his petition, resolution of which is obviated by this ruling on his petition.

[3] Section 3621(b), entitled "Place of imprisonment," states:

> The [BOP] shall designate the place of the prisoner's imprisonment. The [BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . considering –
>
> (1) the resources of the facility contemplated;(2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . . and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

[4] Section 3624(c) of title 18 U.S.C., in pertinent part, provides:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.  The authority provided by this subsection may be used to place a prisoner in home confinement.

Remedy.)  Nunez claims the BOP's denial of his request for immediate RRC placement because he has not yet served nine-tenths of his sentence violates Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), as the decision was not based on any of the five factors set forth in § 3621(b).[5]  Nunez asks the Court to direct his immediate transfer to a RRC, or "order the BOP to conduct a review of the request for transfer to RRC" under the requirements of 18 U.S.C. § 3621(b) and Woodall, supra.  (Dkt. Entry 8, Nunez's Traverse.)

For the following reasons, the Petition will be denied.

**II.  Background.**

On or about April 6, 2000, Nunez was convicted of a series of drug related (cocaine) charges and received a prison term of 151 months.  (See Dkt. Entry 8, Nunez's

---

[5] In Woodall, supra, the Third Circuit Court of Appeals found the BOP's regulations, 28 C.F.R. §§ 570.20 and 570.21, which provided for the "categorical exercise of discretion" limiting an inmate's placement in a RRC to no greater than six months, were invalid because they prevented the BOP from exercising its discretion under 18 U.S.C. § 3621(b).  See Woodall, 429 F.2d 250.  The appellate court found that § 3624 did not remove the BOP's discretion, granted via § 3621(b), to designate an inmate to "any available penal or correctional facility," which includes RRCs, at any point during the inmate's incarceration, for any length of time.  Id. at 250-51.  The Woodall court also dispelled any implication that § 3624 created an entitlement or guarantee for RRC placement prior to the expiration of the offender's sentence.  "[T]hat the BOP may assign a prisoner to a [RRC] does not mean that it must."  Id. at 251.  Section 3624(c) is to be read in conjunction with the language of § 3621(b), and stands for the premise that "when possible," based on the BOP's consideration of the factors set forth in § 3621(b), a federal inmate should be placed in a RRC or similar facility during that last ten percent or six months of the inmate's sentence.  Woodall, supra did not alter the BOP's discretion to place an inmate at any facility, including an RRC, for any length of time, as long it considers the factors set forth in § 3621(b) when doing so.  Id.

Traverse, at 8-10.) Nunez is currently scheduled to be released from custody on March 2, 2010, via Good Conduct Time release. (See Dkt. Entry 1, Petition, Exh. I.) His assigned pre-release preparation date is September 2, 2009.[6] (Id.)

In December of 2004, Nunez filed an Inmate Request to Staff form, requesting to be placed in one of three correctional facilities, all of which are RRCs.[7] BOP staff denied Nunez's request, noting that he was "not eligible for transfer to a community corrections center" at that time. (Id. at Exh. A.) Petitioner then filed an administrative remedy request, seeking "transfer to a correctional facility (CCC) under Title [18 U.S.C.] § 3621(b)." (Id. at Exh. B.) In September 2005, while noting that the BOP could transfer an inmate to a RRC for more than the last ten percent of his term, and for a period greater than six months, if appropriate, the BOP denied Nunez's request, stating he was "not within the last 6 months of [his] sentence, nor [did he] have extenuating circumstances to allow for [RRC] placement above and beyond the 6 month period. [Nunez] will be considered for [RRC] placement during [his] regularly scheduled

---

[6] Between 11 to 13 months of Nunez's projected release date, BOP staff will review his appropriateness for RRC placement in accordance with the terms of Program Statement 7310.04, CCC Utilization and Transfer Procedure. The following factors are to be considered when evaluating an inmate for RRC placement: "the individual's needs, existing community resources, institutional adjustment, length of sentence, and the need to provide for the safety and security of the general public." The Program Statement also states that "inmates are not ordinarily considered for release to a [RRC] until they are between 11-13 months of their release date." (Id. at Exh. G.)

[7] Respondent concurs with Nunez's representation that RRCs meet the definition of "penal or correctional facility" as expressed in 18 U.S.C. § 3621(b). See Dkt. Entry 7, Response to the Petition.

team meeting approximately 11-13 months prior to [his] release date." (Id. at Exh. C.) Dissatisfied with this response, Nunez appealed the matter through all levels of the BOP administrative remedy process. In doing so, Nunez was clear that his transfer request was to be guided by 18 U.S.C. § 3621(b), and not the pre-release standards. (Id. at Exhs. D, F and H.) All of Nunez's administrative appeals were denied. (Id. at Exhs. G and I.)

### III.     Jurisdiction.

A federal prisoner may challenge the execution of his sentence via a petition for habeas corpus brought pursuant to 28 U.S.C. § 2241. Woodall, 432 F.3d at 241-42. Nunez essentially argues that he has been wrongfully denied a transfer to a less secure institution. It is clear that section 2241 cannot be used to present a challenge to the refusal to transfer an inmate from one prison to a similar facility. Ganim v. Federal Bureau of Prisons, No. 06-3810, 2007 WL 1539942 (3d Cir. May 29, 2007). Nunez, however, is seeking a writ of habeas corpus to require the BOP to transfer him to a much less secure facility, a RRC, for the remainder of his prison term. In Woodall, the Third Circuit Court of Appeals reasoned that because "[c]arrying out a sentence through detention in a [RRC] is very different from carrying out a sentence in an ordinary penal institution," the petition "crosse[d] the line beyond a challenge to, for example, a garden variety transfer," and was properly brought pursuant to § 2241. Id. at 243; Thus, it appears that the Court has jurisdiction to consider Nunez's claims under 28 U.S.C. § 2241.

**IV.    Discussion.**

It is undisputed that the BOP has the authority to designate the place of imprisonment for each prisoner committed to its custody, taking into account, *inter alia*, the history and characteristics of the individual convict.  See 18 U.S.C. § 3621(b); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).  It is also "well established that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002).  An inmate does not have a justifiable expectation protected by the Due Process Clause to be confined in any particular prison.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

Nunez's counselor denied his request for immediate RRC placement because he was "not within the last 6 months of [his] sentence, nor [did he] have extenuating circumstances to allow for [RRC] placement above and beyond that 6 month period."  (Dkt. Entry 1, Exh. C.)  Nunez was advised that his RRC placement eligibility would be considered 11 to 13 months in advance of his March 2, 2010, release date, and that he would not be considered for RRC placement earlier than September 2, 2009.  (Dkt. Entry 1, Exh. I.)  Nunez, however, believes that the denial of his request for transfer to the RRC prior to serving the last ten percent of his sentence is in conflict with Woodall and § 3621(b).   This is not so.

In Brown v. Hogsten, 214 Fed. Appx. 124 (3d Cir. 2007), the Third Circuit Court of Appeals recently affirmed the rejection of an inmate's claim for RRC placement materially

indistinguishable from that presented here.  Brown's mandatory release date, like Nunez's, was years away.  The Third Circuit summarily concluded that, under these circumstances, Brown was "not entitled to immediate placement in any particular facility, including a [RRC]."  Id. at 127.

Contrary to Nunez's assertion, Woodall simply affirms the steps the BOP should follow when considering "in good faith" a prisoner's placement in any facility, including a RRC.  Woodall does not dictate when such a consideration must take place, other than when the BOP designates an offender to a particular facility, whether that placement occurs at the commencement of the offender's sentence or at another point in time during his or her incarceration.  Nothing in 18 U.S.C. § 3621(b) mandates if or when the BOP is required to transfer, or even consider, an inmate's request for transfer to any particular facility.  Rather, it is the pre-release statute, § 3624(c), which commands that consideration for RRC placement will take place during the last ten percent or six months of a sentence.  Nunez, however, explicitly repeats throughout his petition that he does not seek transfer to a RRC pursuant to the pre-release statute, but exclusively via § 3621(b).

In sum, the BOP has the discretion under 18 U.S.C. § 3621(b) to place Nunez at any facility at any point during his period of incarceration.  Title 18 U.S.C. § 3621(b) does not provide an inmate any right or entitlement to have the BOP review an inmate generated request for transfer, even to a RRC, prior to an inmate's pre-release eligibility date.  Nunez's Good

Conduct Time Release date is set as March 2, 2010, and his pre-release preparation date is September 2, 2009.  Although the BOP, under the discretion granted it by Congress in § 3621(b), maintains the authority to place Nunez at a RRC for greater than six months if warranted, the BOP is not required to consider Nunez's request for RRC placement under § 3624(c) until he approaches the end of his term.   The BOP denied Nunez's request for immediate RRC placement because he had not yet reached his pre-release preparation date and because he presented no extenuating circumstances suggesting the need for a greater than six month RRC placement.  The BOP's decision to deny Nunez's request for a RRC transfer is not subject to judicial review as he has no protected right to be confined in any prison.  The placement of an inmate is a matter committed to the discretion of the BOP, subject to the congressional directive pertaining to inmates approaching the conclusion of their confinement.

   An appropriate Order follows.

                **s/ Thomas I. Vanaskie**
                Thomas I. Vanaskie
                United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GERSON NUNEZ,** : | |
| : | |
| Petitioner, : | |
| : | **CIVIL NO. 3:CV-06-1413** |
| : | |
| v. : | **(JUDGE VANASKIE)** |
| : | |
| : | |
| **CAMERON LINDSAY,** : | |
| : | |
| Respondent : | |

## O R D E R

**AND NOW,** this **27th** day of **JUNE, 2007,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The petition for writ of habeas corpus (Dkt. Entry 1) is **DENIED**.

2. Nunez's Motion to Expedite (Dkt. Entry 9) is **DENIED** as moot.

3. The Clerk of Court is directed to mark this matter **CLOSED**.

             **s/ Thomas I. Vanaskie**
             Thomas I. Vanaskie
             United States District Judge